```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ROBERT TASSIN, JR.                              CIVIL ACTION

VERSUS                                          NO. 05-0143

BURL CAIN, WARDEN                               SECTION "J"
```

### ORDER AND REASONS

Before the Court is Petitioner's Federal Rule of Civil Procedure 60(b) Motion to Vacate Order Dismissing Without Prejudice the Petitioner's Original Habeas Petition When the District Court Should Have Held the Petition in Abeyance Pending Exhaustion.  The motion is opposed.  After considering the motion, opposition, the record and the applicable law, the Court finds that Petitioner's motion should be DENIED.

### BACKGROUND

Robert Tassin, Jr. ("Petitioner") is a Louisiana death row inmate.  On April 23, 1996, Petitioner filed a petition for habeas corpus in federal court.[1]  While the case was pending, Petitioner discovered grounds for a judicial misconduct claim.

---

[1] This petition was filed one day before the effective date of AEDPA, which imposed more stringent requirements on petitioners.

1

Recognizing he could not add his judicial misconduct claim to his federal habeas petition (because the judicial misconduct claim had not been exhausted in state court), Petitioner filed a Motion to Hold Petition for Habeas Corpus in Abeyance Pending Exhaustion of New Claims in State Court.  The district court denied Petitioner's motion and dismissed the petition without prejudice.

Petitioner proceeded with his state court action and eventually exhausted his state court claims.  On January 18, 2005, Petitioner initiated the present matter by filing a habeas corpus petition and, on the same day, he filed the motion that is the subject of this opinion.  Petitioner contends that the applicability of AEDPA stands or falls on the proper characterization of the district court's actions.  Petitioner asserts that if this Court vacates the 1996 ruling dismissing his original petition, AEDPA would not apply (at least to the claims that were exhausted when the 1996 petition was filed), but if this Court denies the present motion, AEDPA will apply to Petitioner's habeas petition.

## DISCUSSION

The facts and circumstances surrounding this motion raise the following questions: (1) Does the difference between the pre-AEDPA and post-AEDPA standard of review justify Rule 60(b) relief? (2) Did the district court abuse its discretion in 1996

by dismissing the habeas petition?

**(1) Does the difference between the pre-AEDPA and post-AEDPA standard of review justify Rule 60(b) relief?**

Petitioner asserts that the change in pre AEDPA and post AEDPA standards of review justifies 60(b) relief.[2]  Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Rule 60(b) sets out five specific bases for granting relief from a final judgment, followed by clause (b)(6)."[3]  The Fifth Circuit

---

[2] Supporting his argument, Petitioner cites numerous post AEDPA cases and argues that the vast majority of federal appellate courts have opted for abeyance as the appropriate remedy in habeas cases when a Petition must return to state court.

[3] *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

has held that the "'any other reason' language [in clause (b)(6)] refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion."[4]  Therefore, clause (b)(6) authorizes a court to relieve a party from a final judgment for "any ... reason justifying relief" other than a ground covered by clauses (b)(1) through (b)(5) of the rule.[5]  "Although we frequently have recognized that 'Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses,'[6] we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief 'will be granted only if extraordinary circumstances are present.'"[7]  Thus, relief under 60(b)(6) is appropriate only in an "extraordinary situation" or "if extraordinary circumstances are present."[8]  "Moreover, 'a change in decisional law after entry of judgment

---

[4] *Id.*(quoting *Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 773 (5th Cir. 1995)(citations omitted)).

[5] *U.S. ex rel. Garibaldi v. Orleans Parish School Board*, 397 F.3d 334, 337 (5th Cir. 2005).

[6] *Batts*, 66 F.3d at 747(citing as an example *Government Fin. Servs. One Ltd. Partnership*, 62 F.3d at 773(quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453 (5th Cir. 1992))).

[7] *Id.*(quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)(citations omitted)).

[8] *Garibaldi*, 397 F.3d at 337; *Batts v. Tow Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment.'"[9]  Absent some showing of extraordinary circumstances, courts have refused to vacate their prior judgments where they correctly applied federal law, and a subsequent Supreme Court ruling changed the law.[10]

In the recent case of *Garibaldi v. Orleans Parish School Board*, the district court concluded that "extraordinary circumstances" were present and granted relief under Rule 60(b)(6).[11]  On appeal, the Fifth Circuit explained that the only reason the district court granted 60(b)(6) relief was because the Supreme Court announced new governing decisional law after *Garibaldi I*'s finality and *Garibaldi I* played an integral part in the Supreme Court's decision making process.[12]  Despite the fact

---

[9] *Garibaldi*, 397 F.3d at 337.

[10] *Batts*, 66 F.3d at 748-49 (citing *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir.) (denying Rule 60(b)(6) relief where Supreme Court reversed ruling on claims for indemnity under RICO statute after entry of final judgment), *cert. denied,* 479 U.S. 885 (1986)).

[11] *U.S. ex rel. Garibaldi v. Orleans Parish School Bd.*, 2003 WL 22174241 (E.D.La. Sept. 18, 2003).

The portion of the *Garibaldi* case that occurred prior to the Supreme Court's denial of certiorari, *U.S. ex rel. Garibaldi v. Orleans Parish School Board*, 244 F.3d 486 (5th Cir. 2001), is referred to herein as *Garibaldi I*.  It is the second Fifth Circuit case, *U.S. ex rel. Garibaldi v. Orleans Parish School Board*, 397 F.3d 334 (5th Cir. 2005), that addresses review under Rule 60(b)(6).

[12] *Garibaldi*, 397 F.3d at 337.

that *Garibaldi I* gave rise to the Supreme Court's granting of writs, which resulted in the Supreme Court's announcement of new governing law that would have directly altered the outcome of the case, the Fifth Circuit found that extraordinary circumstances were not present.[13]  The court explained that extraordinary circumstances were not present because

> [a]fter almost every resolution of a circuit conflict there is a losing litigant somewhere who could argue similarly for reopening his case because it was decided erroneously in light of the subsequent Supreme Court decision.  The differences between such cases in terms of closeness of the relationship between the decision in the losing litigant's case and the subsequent Supreme Court decision, diligence in filing for relief from judgment, proximate causation of the circuit conflict and the like would appear to be marginal in the large majority of split resolution situation.  For these reasons, we do not think the present case has any features that cause it to be exceptional to such a marked extent from other cases involving resolution of circuit conflicts as to create "extraordinary circumstances" justifying reopening of the judgment.

Notably, the circumstances in *Garibaldi* were more favorable for determining that Rule 60(b) relief is warranted, than those in the present matter.  While the allowance of Rule 60(b) relief in *Garibaldi* would have completely altered the outcome of the case, vacating the order of dismissal in the present matter **could,** at most, result in applying a different standard of review to **some** of Petitioner's claims.  There are clearly no "extraordinary circumstances" that warrant relief under Rule

---

[13] *Id.*

6

60(b)(6) in this instance.  This holds especially true considering that when a petitioner desires to pursue unexhausted state claims, it is within a district court's discretion to either dismiss without prejudice or hold a case in abeyance.[14]

The circumstances in the present matter are also analogous to the situation present in *Batts v. Tow Motor Forklift Co.*,[15] which is referenced in *Garibaldi*.  In *Batts*, the Fifth Circuit addressed the issue of "whether a change in state decisional law – in this instance, Mississippi's conversion from the 'consumer expectations' to the 'risk-utility' test in products liability actions – constituted an extraordinary circumstance that vested the district court with discretion to grant Fed. R. Civ. Pro. 60(b)(6) relief."[16]  The case was tried in 1991, and in 1992 the Fifth Circuit decided Batts' appeal.[17]  At that time, the Fifth Circuit understood Mississippi to follow the consumer expectations test, rather than the risk-utility test in strict

---

[14] *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998); *see, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991)("This Court has long held that a state petitioner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

[15] *Batts v. Tow Motor Forklift Co.*, 66 F.3d 743 (5th Cir. 1995).

[16] *Id*. at 745.

[17] *Batts*, 66 F.3d at 746.

7

liability actions.[18]  On January 4, 1993, the Fifth Circuit issued its mandate and two months later the Mississippi Supreme Court issued its opinion in *Sperry-New Holland v. Prestage*, 617 So. 2d 248 (Miss. 1993), holding that Mississippi applied the risk-utility test of products liability, and that it had done so since 1988.[19]  Consequently, on April 19, 1993 Batts filed a Rule 60(b)(6) motion, which the district court granted because the court "had applied the consumer expectations test at trial notwithstanding that Mississippi law converted to the risk-utility test in 1988."[20]  On appeal, the Fifth Circuit explained that at trial the district court correctly followed the Fifth Circuit's interpretation of state law.  Further, the court reiterated that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment."[21]  Considering the Fifth Circuit jurisprudence on the Rule 60(b) "extraordinary circumstances" requirement, the court finds that the application

---

[18] *Batts*, 66 F.3d at 746.

[19] *Batts*, 66 F.3d at 746 (citing *Prestage*, 617 So. 2d at 252, 254-55).

[20] *Batts*, 66 F.3d at 747.

[21] *Id*. at 747-48 (citing *Bailey*, 894 F.2d at 160 (citing *McKnight v. United States Steel Corp.*, 726 F.2d 333, 336 (7th Cir. 1984); *Title v. United States*, 263 F.2d 28, 31 (9 Cir.), *cert. denied*, 359 U.S. 989 (1959))).

of a more favorable standard of review does not warrant relief from the 1996 dismissal.

### (2) Did the district court abuse its discretion in 1996 by dismissing the habeas petition?

According to the Fifth Circuit "a district court's denial of a motion to abate federal proceedings pending the exhaustion of state remedies and its order of dismissal without prejudice are reviewed for abuse of discretion."[22]  In *Brewer v. Johnson*, the petitioner argued that the district court erred when it dismissed his federal habeas action and refused to hold the federal action in abeyance while he pursued his state remedies.[23]  Recognizing that the district court had authority to either abate or dismiss the habeas action, the appellate court found that the district court weighed the factors that supported each possible outcome and exercised its discretion to dismiss.  The court concluded that the district court did not abuse its discretion.  The court explained that the petitioner failed to establish that AEDPA's statute of limitations would preclude him from later bringing a federal action.[24]

Similarly, in the present case the presiding district judge

---

[22] *Brewer v. Johnson*, 139 F.3d 491, 492 (5th Cir. 1998) (citing *Sterling v. Scott*, 57 F.3d 451, 454 (5th Cir. 1995); *Johnson v. Texas*, 878 F.2d 904, 906 (5th Cir. 1989)).

[23] *Id*. at 493.

[24] *Id*.

had the authority to either dismiss the 1996 petition (without prejudice) or stay the matter until the newly discovered claims could be exhausted in state court.  It cannot be said that the district court abused its discretion by exercising a power clearly within its authority.  Notably absent from the record are any facts demonstrating that the court acted outside its authority or abused its discretion.

The procedural history in *Brewer* is almost identical to the present matter.  The crucial dates in *Brewer* are listed below:

- On June 30, 1995, Brewer filed a motion to stay his execution and requested that the court appoint counsel for the purpose of filing a petition for federal habeas corpus, which the district court granted.[25]
- On January 22, 1996, Brewer filed a Notification of Intent to Return to State Court to Apply for State Habeas Corpus Relief and a motion to hold the federal proceedings in abeyance.
- On April 24, 1996, AEDPA was signed into law.
- On November 22, 1996, the State of Texas appointed an attorney to represent Brewer.
- On January 10, 1997, the federal district court dismissed the federal proceeding without prejudice and lifted the federal stay of execution.

---

[25] *Brewer*, 139 F.3d at 492.

- A state application for writ of habeas corpus was filed on April 23, 1997.[26]

Petitioner in the present case filed his Petition for Writ of Habeas Corpus on April 23, 1996.[27] On April 24, 1996, AEDPA became effective.[28] On May 23, 1996, Petitioner filed a motion to hold the proceedings in abeyance pending exhaustion of new claims in state court.[29] On June 5, 1996, the district court issued an order dismissing the habeas petition without prejudice to seek relief once the state claims were exhausted.[30]

In both cases petitioners filed their federal habeas petitions before the effective date of AEDPA, and the district court dismissed the petitions after the effective date of AEDPA. Although the petitioner's argument in *Brewer* (that he was prejudiced as a result of the application of AEDPA's statute of limitations) differs from Petitioner's argument in the current matter (that the standard of review under AEDPA is less favorable) the result should be the same.

Although Petitioner points out that there is a growing consensus, post AEDPA, among the circuit courts that the

---

[26] *Id*.

[27] *Tassin v. Cain*, 96-CV-1391 (E.D. La. 1996). Rec. Doc. 2.

[28] *Brewer*, 139 F.3d at 492.

[29] *Tassin v. Cain*, 96-CV-1391 (E.D. La. 1996). Rec. Doc. 3.

[30] *Tassin v. Cain*, 96-CV-1391 (E.D. La. 1996). Rec. Doc. 4.

appropriate course of action is staying the matter rather than dismissal, these cases involve statute of limitation issues that would render it unlikely or impossible for a petitioner to return to federal court within the one-year period imposed under AEDPA.[31]  No such problem exists in this case.

In his Post-Argument Memorandum, Petitioner argues that the difference between filing a mixed petition as opposed to a petition with fully exhausted claims is significant because in cases involving mixed petitions, a court cannot accept jurisdiction, but must proceed by forcing the petitioner to drop unexhausted claims, stay the matter, or dismiss the petition. Petitioner asserts that this case is critically distinct from the Fifth Circuit cases of *Graham v. Johnson*, 168 F.3d 762 (5th Cir. 1999) and *Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000), because Petitioner in this case did not file a mixed petition.

---

[31] *See, e.g., Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003)("The exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)."); *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001)("There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies, and, ..., will be the only appropriate course in cases like Zarvela's where an outright dismissal could jeopardize the timeliness of a collateral attack.")(quotations and citations omitted).

In *Barrientes*, the Fifth Circuit stated that "[w]e read *Graham* as holding that a federal habeas corpus petition filed after the effective date of AEDPA is governed by the Act where the petitioner's previous federal petition was filed before the effective date of AEDPA and was dismissed without prejudice for failure to exhaust state remedies."[32]  Although the petitions discussed in *Barrientes* and *Graham* were mixed petitions, the Fifth Circuit jurisprudence does not suggest that a petition with fully exhausted claims should be treated any different.  Under either scenario, a district court must decide whether to dismiss or stay the habeas action.

In this matter, the district court decided to dismiss the petition without prejudice so that Petitioner could fully and properly exhaust all of his claims in state court before proceeding with his federal habeas action.  The fact that the standard of review under pre-AEDPA law may be more favorable to Petitioner does not render the 1996 dismissal improper or constitute an abuse of discretion.

Petitioner also cites the recent Supreme Court case of *Rhines v. Weber*, 125 S. Ct. 1528 (2005), in which the Court considered whether a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance, and then return

---

[32] *Barrientes v. Johnson*, 221 F.3d 741, 751 (5th Cir. 2000).

to federal court for review of his perfected petition.  Finding that a district court **may** stay the case pending exhaustion of the state claims, the Court noted that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality ...," and it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."  The Court explained that because of these reasons, "stay and abeyance should be available only in limited circumstances ...."  Ultimately, the Court vacated the judgment of the court of appeals and remanded for a determination as to whether the district court's grant of a stay constituted an abuse of discretion.

Notably, the reason why the district court in *Rhines* stayed the habeas case was because the district court's ruling that 8 of the petitioner's 35 claims had not been exhausted came approximately 18 months after the habeas petition was filed.  Thus, by the time the district court determined there were unexhausted claims, the one-year statute of limitations under AEDPA had run.  Had the district court dismissed the matter, the petitioner's claims would have been time-barred under AEDPA.  The Petitioner in the present matter, however, is not faced with the same dilemma as the petitioner in *Rhines*.  Petitioner is able to assert all of his claims, albeit under the post AEDPA standard of

14

review.  Accordingly,

**IT IS ORDERED** that **Petitioner's Federal Rule of Civil Procedure 60(b) Motion to Vacate Order Dismissing Without Prejudice the Petitioner's Original Habeas Petition When the District Court Should Have Held the Petition in Abeyance Pending Exhaustion** (Rec. Doc. 2) should be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve, by certified mail, a copy of the Petition for Habeas Corpus, any Amending Petitions, and this Order on the Attorney General for the State of Louisiana and the District Attorney and the Clerk of Court for Jefferson Parish, Louisiana;

**IT IS FURTHER ORDERED** that Respondent shall file a response to the Habeas Corpus Petition and any Amending Petitions, by **Monday, October 10, 2005.**

New Orleans, Louisiana this the 24th day of August, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

15